**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CELL FILM HOLDINGS, LLC,**

      **Plaintiff,**

v.                                                              **Civil Action No. 3:16cv750**

**JOHN DOES 1–12,**

      **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on two motions: (1) the Motion for Discovery for Leave to Serve Third Party Subpoenas (the "Motion for Discovery") filed by CELL Film Holdings, LLC ("CELL"), (ECF No. 2); and, (2) the First Motion to Extend Time Pursuant to Federal Rule of Civil Procedure 4(m) (the "Motion to Extend") filed by CELL, (ECF No. 6). The Court exercises jurisdiction pursuant to 28 U.S.C. § 1338(a).[1] The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will: (1) sever and dismiss without prejudice all defendants except John Doe 1; (2) grant CELL's Motion for Discovery as to John Doe 1; and, (3) grant CELL's Motion to Extend as to John Doe 1.

---

[1] 28 U.S.C. §1338(a) states in part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

## I. Factual and Procedural Background

### A. Allegations in the Complaint

On September 9, 2016, CELL filed its Complaint for Copyright Infringement against John Does 1–12 in this Court.[2] (ECF No. 1.) The Complaint listed 12 John Doe defendants ("the Defendants"), identified by their Internet Protocol ("IP") addresses, who had allegedly infringed on CELL's copyrighted work, the motion picture *Cell* ("the Movie"), in violation of the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.* To establish personal jurisdiction in this District, CELL used "geolocation technology" to trace the IP addresses of all the Defendants to a point of origin within this District.

The Complaint alleges that, using a network called a "BitTorrent protocol" ("BitTorrent"), the Defendants "reproduced, distributed[,] and offered to distribute" the Movie without CELL's consent or permission. (Compl. 2, 4–5.) The Defendants' alleged use of BitTorrent occurred over the span of one day: June 11, 2016. CELL contends that BitTorrent differs from a Peer-to-Peer protocol in that it facilitates data-sharing among individuals and "makes even small computers with low bandwidth capable of participating in large data transfers." (*Id.* at 4.) In BitTorrent, the initial shared file is called a "seed," and other users on the network are called "peers." When peers connect to the network and request the seed, they receive different pieces of the seed data from other peers who have already downloaded the file. Each peer thus "becomes a part of the network from which the file can be downloaded." (*Id.*) This group of peers is called a "swarm." CELL claims that with BitTorrent, "every downloader

---

[2] The same day, CELL filed a nearly identical complaint in this Court. *CELL Film Holdings, LLC v. Does 1–12*, 3:16cv749. The same attorney who represents CELL has filed five other nearly identical complaints on behalf of another plaintiff. *LHF Prods., Inc. v. Does 1–18*, 3:16cv274; *LHF Prods., Inc. v. Does 1–24*, 3:16cv282; *LHF Prods., Inc. v. Does 1–25*, 3:16cv283; *LHF Prods., Inc. v. Does 1–20*, 3:16cv284; *LHF Prods., Inc. v. Does 1–10*, 3:16cv748.

[is] also an uploader" of the shared file, and every member of a swarm serves as a source for the seed file, so long as the member remains online at the time other peers download the file. (*Id.* at 4–5.) Furthermore, "because of the nature of the swarm downloads . . . every [peer] is [downloading seed data] from many [ISPs] in numerous jurisdictions." (*Id.* at 5.) Uploading one seed file to a BitTorrent network "can result in nearly instantaneous worldwide distribution of that single [file] to a limitless number of people." (*Id.* at 5–6.)

CELL asserts that "each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file" of the Movie, and thereby "participated in a collective and interdependent manner with other Defendants" to infringe CELL's copyright. (*Id.* at 7.) CELL states that because all the Defendants participated in the "same swarm" using BitTorrent, all the Defendants participated in the "same transaction, occurrence[,] or series of transactions or occurrences as the other Defendants in the swarm." (*Id.* at 7–8.) CELL seeks declaratory, injunctive, and monetary relief.

## B.    The Motion for Discovery

On October 31, 2016, CELL filed the Motion for Discovery.  CELL seeks leave to serve limited discovery on the Internet Service Providers ("ISPs") from which the Defendants obtain Internet access in order to determine the Defendants' identities.  In support of the Motion for Discovery, CELL asserts, *inter alia*, that:  (1) good cause exists to grant the motion; (2) CELL seeks limited and specific discovery; (3) no alternative means exists to learn Defendants' identities; (4) CELL requires discovery to advance its asserted claims; and, (5) CELL's interest in knowing Defendants' identities outweighs Defendants' interests in remaining anonymous.

(*Id.* at 6–14.) CELL requests the Court's permission to "serve a Rule 45[3] subpoena on the ISPs it

has identified as of this date . . . so that the ISPs can divulge the true name and address of each

Doe Defendant that Plaintiff has identified to date . . . ." (Mot. Disc. 15.)

### C.   CELL's Motion to Extend Time

On December 7, 2016, CELL filed the Motion to Extend, requesting the Court to extend

time to serve the Defendants.  CELL requests an extension of ninety days "until March 8, 2017[,]

to complete identification, joinder, and service of the defendants in this case." (Mot. Extend

Time 1.)

### II. The Court Will *Sua Sponte* Sever and Dismiss Without Prejudice All Defendants Except John Doe 1

### A.   Legal Standard for Joinder of Defendants

Federal Rule of Civil Procedure 20(a)(2) allows joinder of defendants if:  "(A) any right

to relief is asserted against them jointly, severally, or in the alternative with respect to or arising

out of the same transaction, occurrence, or series of transactions or occurrences; and[,] (B) any

question of law or fact common to all defendants will arise in the action."  Fed. R. Civ.

P. 20(a)(2).  Although misjoinder cannot undergird the dismissal of an action, "[o]n motion or *on

its own*, the court may at any time, on just terms, add or drop a party.  The court may also sever

any claim against a party."  Fed. R. Civ. P. 21 (emphasis added).

---

[3] Federal Rule of Civil Procedure 45 governs subpoenas.  Rule 45 states in part:

> **(2) *For Other Discovery*.** A subpoena may command:
>
>> **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
>>
>> **(B)** inspection of premises at the premises to be inspected.

Fed. R. Civ. P. 45(c)(2).

Rule 20 supports the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties[,] and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). "[T]he rule should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). The transaction or occurrence test of Rule 20 generally proceeds on a case by case basis, and permits all "reasonably related claims . . . to be tried in a single proceeding." *Id.* If the joinder of parties or claims will result in prejudice, expense, or delay, the Court has discretion to deny joinder. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). The propriety of joinder rests within the sound discretion of the trial court. *Saval*, 710 F.2d at 1031.

"District courts across the country are split regarding the question of whether joinder of unidentified defendants is appropriate" in cases alleging the use of BitTorrent to share copyrighted works. *Third Degree Films, Inc. v. Does 1–108*, No. DKC 11–3007, 2012 WL 1514807, at *2 (D. Md. April 27, 2012) (collecting cases). However, "[a] majority of courts . . . specifically have held that the properties of BitTorrent are insufficient to support joinder." *Patrick Collins, Inc. v. Does 1–10*, No. 8:12cv00094, 2012 WL 1144980, at *5 (D. Md. Apr. 4, 2012) (collecting cases). Importantly, every case in this District has found joinder improper when based on allegations of file-sharing using BitTorrent. *See Raw Films, Ltd. v. Does 1–32*, No. 3:11cv532, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (finding the allegation that defendants used BitTorrent to copy and reproduce copyrighted material insufficient to support joinder because "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder"); *see also Malibu Media, LLC v. John Does 1–23*,

5

878 F. Supp. 2d 628, 632 (E.D. Va. 2012) ("Where, as here, a plaintiff seeks to join several defendants in an action based on filesharing activity, . . . a plaintiff must allege facts that permit the court at least to infer some actual, concerted exchange of data between those defendants."); *Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11cv345, 2011 WL 4915551, at *3 (E.D. Va. Oct. 17, 2011) (finding joinder improper in a case alleging that defendants used BitTorrent to copy and reproduce copyrighted material); *K-Beech, Inc. v. John Does 1–85*, No. 3:11cv469, 2011 WL 10646535, at *2 (E.D. Va. Oct. 13, 2011) (same).

The United States Court of Appeals for the Fourth Circuit has not ruled on the issue of joinder in cases involving BitTorrent file-sharing, and the only court of appeals to consider the matter found joinder improper. *See AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014). That court, although assuming that "two individuals who participate in the same swarm *at the same time* are part of the same series of transactions within the meaning of Rule 20(a)(2)" held that "[Plaintiff] has provided no reason to think that the Doe defendants it named in this lawsuit were ever participating in the same swarm at the same time." *Id.*

### B. CELL Fails to Allege that the Defendants Participated in the Same Transaction or Occurrence

Consistent with the majority of district courts in the country and every court in this District, the Court concludes that CELL's allegations that the Defendants used BitTorrent to share copyrighted work do not satisfy Rule 20 requirements for joinder of defendants. CELL cannot satisfy federal rules by simply labelling, in a conclusory fashion, the Defendants' conduct as part of the "same swarm."[4] *See Malibu Media*, 878 F. Supp. 2d at 632. Without more, CELL

---

[4] CELL's bald assertions that "Defendants participated in a collective and interdependent manner with other Defendants," and that "[b]y participating in the same swarm, each Defendant participated in the same transaction, occurrence[,] or series of transactions or occurrences as the other Defendants in the swarm," (Compl. 7–8), do not persuade. CELL fails to state any specific

fails to establish that the Defendants participated in the same "transaction, occurrence, or series of transactions or occurrences," as required for joinder under Rule 20. Fed. R. Civ. P. 20(a)(2)(A). Although the transaction or occurrence test of Rule 20 permits all "reasonably related claims . . . to be tried in a single proceeding," *Saval*, 710 F.2d at 1031, "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder," *Raw Films*, 2011 WL 6182025, at *2.

Ultimately, CELL has merely alleged that the Defendants used BitTorrent to download and share pieces of the Movie. CELL has not included any facts that suggest the Defendants shared those pieces with each other, thus engaging in the same transaction or occurrence. CELL's Complaint itself states that, given the nature of BitTorrent, even members of the "same swarm" are "stealing copyrighted material from many . . . ISPs in numerous jurisdictions." (Compl. 5.) Given the numerous individuals who could have been involved in the data transfers at issue here and the lack of specific factual allegations that these individuals shared data with each other, the Court concludes that CELL's allegations cannot support joinder. *See Malibu Media, LLC v. Does 1–34*, No. PJM 12-1195, 2012 WL 1792979, at *2 (D. Md. May 15, 2012) ("Plaintiff never asserts that Defendants downloaded or uploaded the same seed piece exclusively among themselves and thereby acted in concert. Moreover, the distributed nature of the BitTorrent network means that at least some of the Doe Defendants likely obtained the seed piece at issue from users not named in the Complaint."); *see also Media Products, Inc. v. John Does 1–44*, No. PJM 12-1292, 2012 WL 1658581, at *2 (D. Md. May 10, 2012) (same); *Third Degree Films, Inc. v. John Does 1–32*, No. PJM 12-1298, 2012 WL 1658682, at *2 (D. Md. May

---

*facts* showing actual or concerted activity from which the Court could infer that joinder would be proper. *See Malibu Media*, 878 F. Supp. 2d at 632.

10, 2012) (same); *Digital Sin, Inc. v. John Does 1–88*, No. PJM 12-24, 2012 WL 1641035, at *2

(D. Md. May 8, 2012) (same).[5] The Court will *sua sponte* sever the Defendants in this case.

    **C.**    **Even if CELL Properly Invoked Rule 20(a), Rule 20(b) Supports
        Discretionary Severance of the Defendants**

      Even presuming that joinder were proper under Federal Rule of Civil Procedure 20(a),

Rule 20(b) provides alternate grounds for this Court to sever the defendants. Federal Rule of

Civil Procedure 20(b) allows a court to order separate trials to protect a party "against

embarrassment, delay, expense, or other prejudice."[6] Fed. R. Civ. P. 20(b). CELL currently has

one other case alleging copyright infringement by multiple John Does pending before this Court.

*CELL Film Holdings, LLC v. Does 1–12*, 3:16cv749. This Court also currently has pending

before it five other BitTorrent-based copyright infringement cases filed by the same attorney on

---

[5] Many of the courts that found joinder improper relied in part on the length of time over
which the alleged file-sharing occurred in holding that those plaintiffs' complaints failed to meet
the transaction or occurrence test of Federal Rule 20. *See, e.g., AF Holdings*, 752 F.3d at 998
("Two individuals who downloaded the same file five months apart are exceedingly unlikely to
have had any interaction with one another whatsoever."); *Malibu Media*, 878 F. Supp. 2d at 632
("[T]he spans of time [of two to three months] shown in plaintiffs' investigations make it
difficult to draw the conclusion that there has been any actual exchange of data between and
among the defendants in this case."). While it constitutes a factor worth considering, this Court
does not find the length of time over which a defendant's use of BitTorrent occurred dispositive
in determining the propriety of joinder. Regardless of the length of time over which the alleged
infringement transpired, a plaintiff attempting to join multiple defendants must provide plausible
factual allegations supporting an inference that those defendants participated in the same
"transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).
    Thus, although the purported copyright infringement in this case allegedly occurred over
the span of one day rather than several months, CELL still fails to "allege facts that permit the
[C]ourt at least to infer some actual, concerted exchange of data" among the Defendants in this
case. *See Malibu Media*, 878 F. Supp. 2d at 632. CELL asserts that all the Defendants were
members of the "same swarm," but, as with the cases discussed above, CELL never alleges facts
that indicate any direct exchange of data among *these twelve individuals*.

    [6] Rule 20(b) grants a court the discretion to sever parties as follows: "The court may
issue orders—including an order for separate trials—to protect a party against embarrassment,
delay, expense, or other prejudice that arises from including a person against whom the party
asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b).

behalf of another plaintiff. *LHF Prods., Inc. v. Does 1-18*, 3:16cv274; *LHF Prods., Inc. v. Does 1–24*, 3:16cv282; *LHF Prods., Inc. v. Does 1–25*, 3:16cv283; and, *LHF Prods., Inc. v. Does 1–20*, 3:16cv284; *LHF Prods., Inc. v. Does 1–10*, 3:16cv748. The pleadings and litigation process in each of these cases is substantially the same, and gives this Court cause for concern.[7] Like others, this Court becomes wary of inefficient, unmanageable, and potentially prejudicial joinder of multiple defendants. In this division, a dubious court already has commented that other plaintiffs, in a nearly identical series of cases, "seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does." *Raw Films*, 2011 WL 6182025, at *3.

Other courts go further. Considering the potential to coerce unjust settlements alongside the fact that each defendant might require a "mini-trial" about what information it did or did not share, courts have condemned joinder because the enormous burden of trial for the joined defendants would "'completely defeat[] any supposed benefit from the joinder of all Does . . . and would substantially prejudice defendants and the administration of justice.'"[8] *Patrick*

---

[7] In each of the cases brought by LHF, LHF has sought, and the Court has granted, early discovery to determine the identity of the alleged infringers. *LHF Prods., Inc. v. Does 1–18*, 3:16cv274; *LHF Prods., Inc. v. Does 1–24*, 3:16cv282; *LHF Prods., Inc. v. Does 1–25*, 3:16cv283; *LHF Prods., Inc. v. Does 1–20*, 3:16cv284. In identical filings in three of its cases, LHF has sought additional time "to complete settlements where possible and service of other [defendants] that do not settle." (*LHF v. Does 1–18*, 3:16cv274 Mot. Extend 2, ECF No. 11; *LHF v. Does 1–24*, 3:16cv282 Mot. Extend 2, ECF No. 11; *LHF v. Does 1–20*, 3:16cv284 Mot. Extend 2, ECF No. 11.)

[8] This Court does not see bad faith in this case. But this division has already seen one series of BitTorrent cases brought by different counsel where *pro se* defendants sought refuge from aggressive settlement techniques. *See Raw Films*, 2011 WL 6182025, at *3 (ordering plaintiff to show cause why conduct, including directly contacting defendants and demanding payment in settlement of asserted copyright infringement claims, does not violate Federal Rule of Civil Procedure 11).

Any court must be mindful of litigation patterns or practices that could cross appropriate lines, especially when it involves unrepresented parties. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or

*Collins, Inc.*, 2012 WL 1144980, at \*7 (second alteration in original) (quoting *Hard Drive Prods. v. Does 1–188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011)). The rationale for the $400 filing fee—revenue-sharing and curbing the filing of frivolous suits[9]—also supports discretionary severance. *Patrick Collins, Inc.*, 941 F. Supp. 2d at 166 (citing cases that severed defendants due to the substantial increase in judicial workload relative to the avoidance of up to $100,000 in filing fees). Such considerations, at least one court persuasively has found, would support discretionary severance of defendants. *Patrick Collins, Inc.*, 2012 WL 1144980, at \*7 (noting that even if Rule 20(a) joinder conditions had been met, discretionary severance under Rule 20(b) would be proper because "joinder here is inefficient, raises significant manageability problems, and is unduly prejudicial to the defendants"). This record supports discretionary severance.

### III.  Remaining Motions

Because the Court finds joinder improper and severance and dismissal without prejudice of Doe Defendants 2–12 necessary, the Court will grant CELL's Motion for Discovery and CELL's Motion to Extend Time only to the extent both motions pertain to John Doe 1.

---

unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ."); Fed. R. Civ. P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.").

[9] "The filing fee, which is required under 28 U.S.C. § 1914(a), serves two salutary purposes. First, it is a revenue sharing measure. Second, § 1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits." *Patrick Collins, Inc. v. John Does 1–38*, 941 F. Supp. 2d 153, 166 (D. Mass. 2013) (internal citations and quotation marks omitted).

Regarding the Motion for Discovery, Federal Rule of Civil Procedure 26(b)[10] authorizes courts to alter the frequency and extent of discovery as guided by the subsections in that rule. A district court has "'wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986)) (alteration in original).

Pursuant to Federal Rule of Civil Procedure 26(d)(1),[11] and in the interest of justice, the Court will grant the Motion for Discovery. *See Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11cv345, 2011 WL 2634166, at *3–4 (E.D. Va. July 1, 2011) (granting motion for leave to take discovery before a Rule 26(f) conference after finding plaintiff made showing of irreparable harm and need to proceed *ex parte*, when plaintiff could not determine unknown defendants' identities except through third-party subpoenas to defendants' ISPs).

Regarding the Motion to Extend, Federal Rule of Civil Procedure 4(m) governs the time for service of process. Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added). Under Rule 4(m), if CELL demonstrates "good cause" for failing to serve Defendant John Doe 1, the Court must grant an extension of time. If, on the

---

[10] Rule 26(b) states in part: "**(b) Discovery Scope and Limits.** (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: . . . ."

[11] Federal Rule of Civil Procedure 26(d)(1) states, in pertinent part: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1).

other hand, CELL fails to demonstrate "good cause," the Court may still, in its discretion, permit an extension of time.

The Court declines to determine whether CELL can demonstrate good cause for its failure to serve Defendant John Doe 1 within the 90-day time proscribed by the Rule.  Because this case remains in an early stage of litigation, in which Defendant John Doe 1 has not filed an answer or other responsive pleading, the Court sees no prejudice that could result from a brief extension of time.  Pursuant to Federal Rule of Civil Procedure 4(m), the Court will grant the Motion to Extend Time.  The Court will extend the time for service of Defendant John Doe 1 until March 8, 2017.

### IV.  Conclusion

For the foregoing reasons, the Court will (1) sever and dismiss without prejudice all defendants except John Doe 1; (2) grant CELL's Motion for Discovery as to John Doe 1, (ECF No. 2); and, (3) grant CELL's Motion to Extend as to John Doe 1, (ECF No. 6).

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: 12/29/2016
Richmond, Virginia

12